**Lance S. Strumpf (SBN 120250)**
**lance206@mac.com**
**Attorney for Plaintiff**
**Law Offices of Lance S. Strumpf**
**575 S. Barrington Ave., Suite 312**
**Los Angeles, CA 90049**
**Telephone: (310) 294-4477**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **AUTO VAULT STORAGE, INC.,**<br>a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**AUTO VAULT MOTORSPORTS LLC,**<br>a California limited liability company; DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES; ACCOUNTING; INJUNCTIVE AND OTHER RELIEF; DEMAND FOR JURY TRIAL:**<br><br>**1. Registered Service-Mark Infringement;**<br>**2. False Designation / False Affiliation;**<br>**3. Common-Law Mark Infringement;**<br>**4. Common-Law Unfair Competition;**<br>**5. Unlawful Business Practices;**<br>**6. Trade-Name Infringement; and**<br>**7. Declaratory Relief** |

Plaintiff AUTO VAULT STORAGE, INC. alleges on personal knowledge as to its own acts and records, and on information and belief as to other matters, as follows:

## I. INTRODUCTION

1. This action concerns Defendant's unauthorized use of AUTO VAULT as the identifying name of an automobile-services business in Los Angeles. Plaintiff AUTO VAULT STORAGE, INC. owns the federally registered AUTO VAULT® standard-character service mark and the integrated AV/AUTO VAULT design mark, together with the associated goodwill and prior common-law rights. Defendant AUTO VAULT MOTORSPORTS LLC uses the same AUTO VAULT wording in its legal entity name and has promoted its business as The Auto Vault, the_autovault, and THE_AUTOVAULT.

2. Plaintiff's rights encompass automobile detailing and maintenance, not merely automobile storage. Defendant's promotion of vehicle tinting, wrapping, and related automotive appearance services under the challenged names is likely to cause consumers to believe that Defendant is Plaintiff, a related location, or an authorized affiliate, licensee, or franchise of Plaintiff. Plaintiff has authorized none of those relationships.

3. The challenged conduct is not confined to a sign or an Instagram username. On information and belief, Defendant operates the same automobile-services business through its retained legal-entity name AUTO VAULT MOTORSPORTS LLC and the commercial branding described below. Plaintiff seeks relief against confusing commercial uses in each form, including a mandatory amendment of the LLC's legal name where necessary to eliminate continuing or recurring confusion. Adoption of a different fictitious business name, or DBA, does not authorize continued infringing use of the underlying entity name.

4. Plaintiff also seeks recovery of its proven damages, Defendant's attributable profits, appropriate corrective relief, and other remedies authorized by the claims pleaded below. Defendant received actual notice of Plaintiff's objection no later than January 22, 2026 and actual notice of the issued federal registrations no later than September 8, 2026. Nevertheless, on information and belief, the challenged commercial uses continue.

## II. PARTIES

5. Plaintiff AUTO VAULT STORAGE, INC. ("Plaintiff") is a California corporation doing business as Auto Vault and AUTOVAULT in Beverly Hills, California. Its address identified in the federal registration certificates is 440 North Rodeo Drive, Beverly Hills, California 90210. Plaintiff is the registered owner of the marks described below.

6. Defendant AUTO VAULT MOTORSPORTS LLC ("Defendant" or the "LLC") is a California limited liability company. Its Articles of Organization were filed with the California Secretary of State on July 7, 2025, under File No. B20250196305. The Articles identify its principal office as 2600 South La Cienega Boulevard, Los Angeles, California 90034. A true and correct copy of the Articles supplied to Plaintiff is attached as Exhibit C. These respective physical addresses are 3.7 miles from each other on surface streets.

7. The LLC Articles identify 1329 South Margate Place, Anaheim, California 92805 as the LLC's initial mailing address and the address of its designated agent for service, Julie Valdez. They state that all LLC members will manage the company. Plaintiff identifies Ms. Valdez here solely in her recorded capacities as organizer and agent; this allegation does not assert that those capacities alone establish ownership or personal liability.

8. Plaintiff presently does not know the true names and capacities of defendants sued as DOES 1 through 10. On information and belief, these defendants personally

selected, directed, authorized, or maintained one or more of the challenged commercial uses for the Los Angeles business, including its business-name selection, automotive-services operation, or publication of the challenged branding. Plaintiff will seek to identify and substitute these defendants through investigation and discovery and amendment under the applicable Federal Rules of Civil Procedure. No defendant is sued solely because of ownership status or service as an agent or attorney.

9. References to “Defendants” include the LLC and only those Doe defendants whose participation or other legal responsibility is established. On information and belief, the LLC’s challenged branding and advertising were adopted and maintained by persons acting within their authority on its behalf. Liability is not asserted merely because a person owns an interest in the LLC, provides routine professional services, or serves as its registered agent.

## III. <u>JURISDICTION AND VENUE</u>

10. This action arises under the Lanham Act, including 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A). This Court has original subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §1121(a). It has supplemental jurisdiction over the California claims under 28 U.S.C. §1367(a) because those claims arise from the same facts and form part of the same case or controversy, and jurisdiction over the substantial and related unfair competition claims under 28 U.S.C. §1338(b). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202 within that independently established jurisdiction.

11. This Court has personal jurisdiction over the LLC because it is organized under California law, maintains its principal office in Los Angeles, and operates the challenged business in this District. The claims arise directly from its Los Angeles business and forum-directed commercial promotion. On information and belief, the participating Doe defendants directed or carried out the challenged conduct for that

business in this District or purposefully directed that conduct here, and the claims against them arise from that conduct.

12. Defendant AUTO VAULT MOTORSPORTS LLC has used and continues to use the designations “AUTO VAULT,” “THE_AUTOVAULT,” and “the_autovault” in interstate commerce in connection with the advertising, promotion, and offering for sale of its automotive services. Specifically, Defendant displays these designations on its publicly accessible Instagram account, including the account identified as “the_autovault,” and in other Internet publications, posts, images, and promotional materials advertising Defendant’s business and services. These communications are commercial in nature and are used to attract customers, solicit business, and direct prospective customers to Defendant’s business under the infringing designations. Plaintiff is informed and believes, and on that basis alleges, that Defendant disseminates these commercial communications through interstate Internet and social-media channels to prospective customers both within and outside California. Defendant’s challenged conduct occurs in the United States and uses interstate channels of commerce to advertise and promote Defendant’s services, thereby constituting use in commerce that Congress may lawfully regulate within the meaning of 15 U.S.C. § 1127 and use in commerce in connection with the advertising and offering of services under 15 U.S.C. §§ 1114(1)(a) and 1125(a)(1).

13. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the acts and omissions giving rise to the claims occurred here, including Defendant's Los Angeles business operation and the challenged promotion directed to this market. The Western Division is appropriate because the principal events occurred in Los Angeles County, within the division described in 28 U.S.C. §84(c)(2). Jurisdiction does not depend on diversity of citizenship or a minimum amount in controversy.

## IV. GENERAL FACTUAL ALLEGATIONS

### A. Plaintiff's marks, services, and priority

14. Plaintiff, through its business and any predecessors whose rights and goodwill it owns, has used AUTO VAULT in connection with automobile detailing, automobile maintenance, automobile concierge services and moving and storage of automobiles since at least January 1, 1991. Plaintiff alleges continuing use and ownership of the associated goodwill. The federal registration certificates recite January 1, 1991 as the first use and first use-in-commerce dates for the Class 37 and Class 39 services.

15. Plaintiff's automobile-services business serves owners of valuable automobiles in Beverly Hills and the greater Los Angeles market. Through its longstanding use, provision of services, promotion, and participation in automobile-related events, AUTO VAULT has come to identify Plaintiff as a source of those services. Plaintiff alleges that its marks are distinctive and, to the extent acquired distinctiveness is required, acquired source-identifying significance in its relevant market before Defendant's challenged adoption and use.

16. On December 7, 2022, Plaintiff filed federal Application Serial No. 97/707,566 for AUTO VAULT in standard characters. The United States Patent and Trademark Office registered that mark on the Principal Register on August 25, 2026 as Registration No. 8,413,463. A true and correct copy of the registration certificate is attached as Exhibit A.

17. On the same filing date, Plaintiff filed Application Serial No. 97/707,830 for its integrated AV/AUTO VAULT design. That mark was registered on the Principal Register on August 25, 2026 as Registration No. 8,413,466. The design combines stylized A and V elements and the words AUTO VAULT. A true and correct copy of that registration certificate is attached as Exhibit B. The two registered marks are referred to together as the "AUTO VAULT Marks."

18. Both registrations cover automobile detailing and automobile maintenance in International Class 37; moving and storage of automobiles in Class 39; and franchising, namely offering business management assistance in the establishment and/or operation of automobile storage, detailing, maintenance, and concierge services, in Class 35. The certificates recite December 7, 2022 as the first-use date for the Class 35 services. Plaintiff does not allege that classification numbers alone establish the scope of likely confusion.

19. Plaintiff owns the registrations and the rights represented by them. The registrations are prima facie evidence of validity, ownership, and the exclusive right to use the registered marks in commerce for the identified services, subject to applicable statutory defenses. 15 U.S.C. §§ 1057(b), 1115(a). Plaintiff does not allege that the recently issued registrations are incontestable.

20. Because the applications matured into registrations, Plaintiff also claims constructive-use priority dating to December 7, 2022 under 15 U.S.C. §1057(c), subject to that statute's exceptions. Plaintiff separately relies on its earlier actual-use rights. On information and belief, Defendant has no use, application, or other priority right predating Plaintiff's rights that authorizes the challenged conduct.

21. Each registration disclaims an exclusive claim to AUTO apart from the mark as shown. Plaintiff seeks protection for the marks as a whole, particularly the combined wording AUTO VAULT, and does not assert an exclusive right to the ordinary word AUTO standing alone. The disclaimer does not authorize another business to use the complete registered wording in a confusing manner. 15 U.S.C. § 1056(b).

22. The standard-character registration is not confined to a particular font, capitalization, size, or color. The infringement of that mark alleged here does not depend on proof that Defendant precisely duplicated Plaintiff's graphic design.

Plaintiff also seeks protection against confusingly similar uses of the integrated design considered as a whole.

23. Plaintiff has not sold, licensed, consented to, or otherwise authorized Defendant's use of the AUTO VAULT Marks or the challenged commercial names. Defendant is not Plaintiff's subsidiary, affiliate, franchisee, authorized dealer, licensee, or sponsored business.

### B. Defendant's entity name and commercial uses

24. Defendant's July 7, 2025 Articles adopted the legal name Auto Vault Motorsports LLC. That organizational filing is later than Plaintiff's December 7, 2022 federal application date and its alleged earlier actual use. The Articles establish the LLC's adopted name and organizational filing date; they do not, by themselves, establish its first trademark use or adjudicate its rights against Plaintiff.

25. On information and belief, Defendant began the relevant Los Angeles commercial use during 2025. Plaintiff's investigation identified a September 7, 2025 social-media post describing the business's first week open. The exact commencement date and any asserted predecessor use are within Defendant's knowledge and will be addressed in discovery. Plaintiff alleges priority over the challenged uses based on the facts presently known.

26. Defendant operates an automobile-services business at 2600 South La Cienega Boulevard. Defendant has promoted that business using The Auto Vault, THE AUTO VAULT, the_autovault, THE_AUTOVAULT, and the corresponding @the_autovault identifier. Those designations, AUTO VAULT MOTORSPORTS LLC, and their confusingly similar variants are referred to as the "Challenged Designations."

27. Defendant has used The Auto Vault, THE AUTO VAULT, the_autovault, THE_AUTOVAULT, and the corresponding @the_autovault identifier in social-media promotion, online business listings and advertising, and physical business

branding for its automobile-services business. Images identified in Plaintiff's investigation also depict a commercial presentation incorporating THE prominent AV lettering, and Auto Vault wording. Plaintiff challenges the source-identifying presentation as a whole, not the letters A and V in the abstract. The separate allegations concerning the full legal-entity name appear in paragraphs 30 and 31.

28. On information and belief, Defendant offers vehicle tinting and wrapping services. Those services concern automobile appearance and care and are related to Plaintiff's automobile detailing and maintenance services. They are directed to overlapping categories of automobile owners and promoted in the same greater Los Angeles market.

29. On information and belief, Defendants use interstate Internet and social-media channels to advertise and solicit business under the Challenged Designations, and the challenged services and commercial promotion are in or affect commerce Congress may regulate. This action addresses domestic commercial uses, including Defendant's Los Angeles business and its United States- directed online promotion.

30. Defendant's business promotion has also displayed or reposted imagery from automobile events sponsored by Plaintiff on Rodeo Drive, together with the_autovault identification, including imagery of automobiles bearing Plaintiff's branding. In the context of Defendant's similar name and automotive promotion, that presentation reinforces the false appearance of a relationship with Plaintiff. Plaintiff challenges that misleading commercial context; this Complaint does not assert copyright ownership of the photographs or an exclusive right to depict a public event.

31. On information and belief, AUTO VAULT MOTORSPORTS LLC remains the legal and operating identity of the same business Defendant promotes through the shorter AUTO VAULT designations. Plaintiff challenges the legal name to the extent it identifies that automotive-services business in commerce and is likely to

suggest a connection with Plaintiff. A separate DBA does not change the identity of the LLC or immunize a provider-identifying use of its legal name in the course of offering or performing those services.

32. Plaintiff does not allege that the public availability or governmental acceptance of Articles of Organization, standing alone, establishes infringement. The requested entity-name relief rests on the commercial operation and source-identifying uses alleged here, and on the need to prevent continued or recurring confusion. Plaintiff seeks amendment of the current legal name to the extent necessary to stop that infringement, not erasure of historical public records or prohibition of truthful identification reasonably required by law.

### C. <u>Likelihood of confusion</u>

33. The dominant wording of Defendant's names is the entirety of Plaintiff's AUTO VAULT® word mark. In the commercial context alleged here, adding THE, joining the words, changing capitalization, inserting an underscore or @ symbol, or adding MOTORSPORTS LLC does not sufficiently distinguish the overall sound, meaning, appearance, and source-identifying impression of the names.

34. The services are sufficiently related that a prospective customer encountering Defendant's branding could reasonably believe that Defendant provides detailing, tinting, wrapping, or related services as an affiliated location or authorized extension of Plaintiff's business. Plaintiff's protection against false affiliation does not depend on proving that a customer entered Defendant's premises specifically seeking automobile storage.

35. The parties operate in the same metropolitan market, target overlapping automobile owners, and promote automobile-related services through overlapping commercial and online channels. Defendant's use of AUTO VAULT and the event imagery described above increases the likelihood of source, affiliation, sponsorship, approval, and franchise confusion.

36. Plaintiff alleges a likelihood of confusion based on the similarity of the marks, the related services, the parties' overlapping geographic market and promotional channels, and the commercial context above. Plaintiff does not rely on an allegation of a particular completed instance of customer confusion. Actual consumer reactions and the nature and extent of resulting injury will be addressed through evidence.

**D. <u>Actual notice, continued use, and absence of consent</u>**

37. Plaintiff's attorneys sent numerous cease-and-desist correspondence objecting to use of The Auto Vault in connection with Defendant's automobile-services business. Defendant had received notice of Plaintiff's asserted rights and objection no later than January 22, 2026.

38. Plaintiff has continuously objected to Defendant's challenged uses and has never granted Defendant permission to use the AUTO VAULT® Marks or represent that Defendant's business is connected with Plaintiff.

39. After the federal registrations issued, Plaintiff sent a further cease-and-desist letter dated September 3, 2026, enclosing both registration certificates and demanding cessation of the confusing uses, including changes to business names and current government filings. Defendant had actual notice of the issued registrations no later than September 8, 2026, including for purposes of 15 U.S.C. §1111.

40. On information and belief, Defendants continued the challenged commercial uses after receiving notice of Plaintiff's rights and the issued registrations, and those uses continue as of the filing of this Complaint. Plaintiff has not granted a license, release, or other authorization permitting that conduct.

41. Plaintiff continues to use the AUTO VAULT® Marks as source identifiers and has not abandoned them or intentionally relinquished its rights against Defendant. Plaintiff has not engaged in conduct authorizing Defendant reasonably to rely on permission for the challenged uses.

42. On information and belief, the persons exercising substantial discretionary authority over the LLC's business identity and marketing selected, approved, and maintained the Challenged Designations and authorized continued commercial use after notice. Their conduct includes maintaining the AUTO VAULT wording and the promotion suggesting an association with Plaintiff. Plaintiff alleges that this conduct was undertaken deliberately to obtain the commercial benefit of Plaintiff's source-identifying goodwill, with knowledge of Plaintiff's objection and conscious disregard of its rights.

**E. <u>Injury and need for equitable relief</u>**

43. The challenged conduct impairs Plaintiff's ability to control the identity and reputation associated with the AUTO VAULT Marks. Consumers may attribute to Plaintiff services, communications, or business practices over which Plaintiff has no control. The resulting source confusion threatens customer relationships and the goodwill supporting Plaintiff's existing business and legitimate expansion.

44. Plaintiff has suffered injury in fact and lost money or property as a direct result of Defendant's challenged conduct. The amount of that loss will be established according to proof but is in excess of $250,000.

45. To the extent established by the evidence, Plaintiff's recoverable losses include lost profits from diverted business, damage to the economic value of its goodwill, monies spent to promote Plaintiff's brand locally and world-wide and reasonable costs necessary to correct the confusion caused by Defendants. Plaintiff seeks no duplicative recovery and no award for hypothetical franchise sales or other speculative losses.

46. On information and belief, Defendant has received revenue from business conducted under the Challenged Designations. The portion of Defendant's profits attributable to infringement, and the relevant sales, expenses, and deductions, are principally within Defendant's knowledge. Plaintiff seeks an accounting as an

incident of the monetary relief authorized by the Lanham Act, not as an unsupported independent fiduciary-duty claim.

47. Defendants' ongoing source-identifying uses presently interfere with Plaintiff's control over the identity and reputation of its business and create a continuing risk of misattribution of automotive services. These injuries are directly traceable to the challenged conduct and would be redressed by an injunction. An award for past monetary loss cannot prevent future misidentification or restore Plaintiff's ongoing control over services offered under its identity. Plaintiff has no adequate remedy at law for that prospective harm. Unless restrained, Defendants are likely to continue or resume the challenged uses. Upon the findings specified in 15 U.S.C. §1116(a), Plaintiff also invokes the rebuttable presumption of irreparable harm.

**FIRST CAUSE OF ACTION**

**INFRINGEMENT OF FEDERALLY REGISTERED SERVICE MARKS**

(15 U.S.C. § 1114(1); Against All Defendants)

48. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff owns valid federal registrations for the AUTO VAULT Marks, including Registration Nos. 8,413,463 and 8,413,466. Without Plaintiff’s consent, Defendants have used reproductions, copies, or colorable imitations of those marks in commerce in connection with the advertising, offering, or sale of their automobile-related services.

50. As alleged above, those uses are likely to cause confusion, mistake, or deception concerning the source of the services or Defendant’s affiliation, connection, sponsorship, or approval by Plaintiff. The standard-character claim does not require identical graphic treatment, and the design-mark claim concerns the overall commercial impression of the challenged presentations.

51. This cause of action seeks relief for infringement of the registered rights on and after August 25, 2026. Plaintiff does not seek to impose §1114 liability

retroactively for pre- registration conduct. Earlier conduct is relevant to notice, intent, priority, and Plaintiff's separately pleaded unregistered-mark and California claims.

52. Defendants continued use after actual notice, together with the commercial conduct alleged above, supports Plaintiff's claim of willful infringement. Actual notice of the issued registrations existed no later than September 8, 2026. Recovery of profits and damages is sought subject to 15 U.S.C. §§ 1111 and 1117(a) and any other applicable limitations.

53. Plaintiff is entitled to seek an injunction, removal or disposition of infringing materials, an accounting and recovery of Defendant's attributable profits, proven damages, costs, and reasonable attorney's fees if this case is found exceptional, under 15 U.S.C. §§ 1116 through 1118. Any enhancement sought under §1117(a) is compensatory and discretionary, not an automatic penalty.

**SECOND CAUSE OF ACTION**

**FALSE DESIGNATION OF ORIGIN AND FALSE AFFILIATION**

**(15 U.S.C. § 1125(a)(1)(A); Against All Defendants)**

54. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

55. Plaintiff possesses protectable rights in the AUTO VAULT Marks and trade names by prior use and ownership, independent of the date the federal registrations issued. Defendants have used the Challenged Designations and the described commercial presentations in commerce on or in connection with their services.

56. Those uses are likely to cause confusion or mistake, or to deceive, concerning Defendants' affiliation, connection, or association with Plaintiff, or the origin, sponsorship, or approval of Defendants' services and commercial activities. Plaintiff has not authorized the represented connection.

57. Plaintiff's interests in its commercial reputation, customer relationships, and sales are directly harmed or threatened by the false source identification. The injury

alleged is proximately caused by the challenged promotion and use of Plaintiff's source-identifying wording, rather than by a remote or unrelated market event.

58. This claim reaches actionable pre-registration conduct as well as conduct after August 25, 2026, subject to proof of Plaintiff's prior rights and all applicable limitations. Plaintiff seeks relief under 15 U.S.C. §§ 1116, 1117(a), and 1118, including injunctive relief, proven damages, attributable profits, costs, and attorney's fees upon the required exceptional-case finding.

**THIRD CAUSE OF ACTION**

**CALIFORNIA COMMON-LAW SERVICE-MARK INFRINGEMENT**

(California Common Law; Bus. & Prof. Code § 14259; Against All Defendants)

59. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

60. Through prior adoption and continuing use in the relevant market, Plaintiff owns protectable common-law rights in AUTO VAULT and the associated source-identifying marks and goodwill. Those rights preceded Defendant's challenged use. Business and Professions Code §14259 preserves rights and enforcement under the common law.

61. Without authorization, Defendants have used the same or confusingly similar source identifiers for related automobile services in Plaintiff's market. The use is likely to confuse consumers concerning source, sponsorship, affiliation, or approval and infringes Plaintiff's prior rights.

62. As a direct and proximate result, Plaintiff has suffered the injury alleged above and is entitled to seek proven compensatory damages and appropriate equitable relief under California law. This cause of action does not depend on Plaintiff possessing a separate California state trademark registration.

63. Based on the deliberate appropriation of source-identifying goodwill and continued misleading commercial presentation alleged in paragraphs 30 and 37 through 42, Plaintiff seeks punitive damages under Civil Code §3294 upon clear and

convincing proof of malice, oppression, or fraud. On information and belief, the conduct was committed, authorized, or ratified by the LLC's members or other persons exercising substantial discretionary authority over company-wide business identity and marketing policy, constituting qualifying authorization or ratification to the extent required by §3294(b).

**FOURTH CAUSE OF ACTION**

**CALIFORNIA COMMON-LAW UNFAIR COMPETITION / PASSING OFF**

**(California Common Law; Against All Defendants)**

64. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

65. Defendants have used Plaintiff's source-identifying wording and the challenged overall commercial presentation to market their own business in a manner likely to pass it off as Plaintiff's business or an affiliated, sponsored, licensed, or authorized operation. The event-related promotion described above reinforces the misleading commercial association.

66. Defendants thereby appropriate the benefit of goodwill generated by Plaintiff rather than distinguish their services by a nonconfusing identity. This claim is based on passing off and false source association, not merely on lawful competition or similarity of services.

67. The conduct proximately causes the commercial and economic injury alleged above. Plaintiff seeks proven compensatory damages and an injunction. Plaintiff also seeks punitive damages under Civil Code §3294 based on the intentional conduct and qualifying authorization or ratification alleged above, subject to the required proof and without duplicating any other recovery.

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION: UNLAWFUL BUSINESS PRACTICES**

**(Bus. & Prof. Code §§ 17200–17205; Against All Defendants)**

68. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

69. Defendants' challenged commercial activities are business acts and practices within the meaning of Business and Professions Code §17200. They are unlawful because they include the trademark infringement, false designation of origin, passing off, and trade-name infringement alleged in this Complaint. Each established predicate violation independently supports the unlawful practices claim.

70. This cause of action proceeds under the unlawful prong of §17200, based on the violations identified above. Plaintiff does not premise the claim on its own reliance on Defendant's advertising or on a separate fraud theory and does not allege an independent antitrust violation.

71. Plaintiff brings this claim on its own behalf and has standing under Business and Professions Code §17204 based on the existing economic injury and causal facts specified in paragraph 43. Plaintiff seeks relief from the ongoing unlawful practices that directly injure its business, not recovery on behalf of a class or uninjured third parties.

72. Defendants continue or threaten to continue the unlawful practices, causing the present and prospective injuries alleged in paragraphs 43 through 46. Plaintiff seeks prospective prohibitory and mandatory injunctive relief under Business and Professions Code §17203. Legal remedies for past monetary loss do not adequately remedy ongoing loss of control over source identification or prevent future false affiliation. Plaintiff therefore seeks an injunction against those continuing practices, including amendment of the legal-entity name to the extent necessary to eliminate the infringement established.

73. Under this cause of action, Plaintiff seeks injunctive relief only. Plaintiff does not seek damages, punitive damages, civil penalties, restitution, or nonrestitutionary disgorgement under §17200. The distinct monetary remedies alleged in this Complaint are sought solely under the causes of action that authorize them.

**SIXTH CAUSE OF ACTION**

**INFRINGEMENT OF TRADE NAME**

**(Bus. & Prof. Code § 14402; California Common Law; Against All Defendants)**

74. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

75. Plaintiff owns prior rights in the AUTO VAULT trade name and associated goodwill through adoption, continuing use, and ownership in the relevant market. Defendant's commercial use of AUTO VAULT MOTORSPORTS LLC as alleged in paragraphs 30 and 31, together with its use of the other Challenged Designations to identify the same automobile-services business, infringes those rights and is likely to cause confusion concerning source or affiliation.

76. Business and Professions Code §14402 authorizes a court of competent jurisdiction to restrain a use of trade names that violates protected rights. Defendant's organizational filing does not adjudicate the parties' competing trademark rights or authorize conduct otherwise constituting infringement and unfair competition.

77. Corporations Code §17701.08(c) recognizes that use of an LLC name violating that section may be enjoined notwithstanding the filing of its Articles. Plaintiff invokes that provision only to the extent its requirements are established and independently relies on Business and Professions Code §14402, the Lanham Act, and the other pleaded grounds for relief. Plaintiff does not allege that the Secretary of State has determined the name to be misleading or that its registration alone satisfies the elements of this claim.

78. Plaintiff seeks an order prohibiting the infringing commercial use of the trade name and directing the LLC to adopt a noninfringing legal name through amendment of its Articles, with conforming changes to current business identifiers where necessary. Such relief is sought to eliminate continuing or recurring source confusion. A separate DBA shall not substitute for a legal-name amendment that the

Court determines is necessary. Plaintiff does not request dissolution of the LLC or deletion of historical governmental records.

**SEVENTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(28 U.S.C. §§ 2201–2202; Fed. R. Civ. P. 57; Against All Defendants)**

79. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

80. An actual, present controversy exists concerning the parties' respective rights in the AUTO VAULT Marks and trade name and Defendant's continuing use of the Challenged Designations in its automotive-services business. The controversy concerns existing conduct and prospective rights as between these parties.

81. Plaintiff contends that it has superior rights against Defendant in the relevant marks and trade name, that Defendant's challenged commercial uses infringe those rights, and that Defendant has no authorization to represent an affiliation with Plaintiff. Defendant disputes Plaintiff's asserted rights and entitlement to relief and, on information and belief, continues the challenged uses.

82. Under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, Plaintiff requests a declaration resolving the actual controversy described above and guiding prospective conduct. The requested declaration concerns superior rights as between these parties and the unlawfulness of the infringing uses alleged and proved, including commercial use as a legal-entity name, trade name, DBA, service mark, or online identifier. Plaintiff seeks no advisory ruling about an unimplemented arrangement or declaration of absent third parties' rights.

## V. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against Defendants, according to their respective liability and without duplicative recovery, as follows:

1. For a declaration of Plaintiff's valid and enforceable rights in the AUTO VAULT Marks and trade name superior to Defendant's rights for the uses and

market adjudicated, and that the commercial uses found infringing violate those rights;

2. For preliminary and permanent injunctions under 15 U.S.C. §1116(a), the applicable California claims, and Federal Rule of Civil Procedure 65, and appropriate temporary relief upon a separate supported application, restraining Defendants and persons bound under Rule 65(d)(2) with actual notice from using AUTO VAULT, AUTOVAULT, THE AUTO VAULT, the_autovault, THE_AUTOVAULT, @the_autovault, AUTO VAULT MOTORSPORTS LLC, or confusingly similar designations as source identifiers for automobile detailing, maintenance, storage, tinting, wrapping, concierge, franchising, or sufficiently related automotive services in a manner likely to cause confusion with Plaintiff;

3. For mandatory and corrective relief tailored to the infringement established, including the following proposed compliance terms, measured from service of the applicable injunction and subject to the Court's determination of appropriate deadlines:

(a) Immediate cessation of new infringing advertising, publication, ordering, distribution, or expansion, and temporary covering or disabling of infringing exterior and vehicle signage within 48 hours;

(b) Within five business days, removal or replacement of infringing names and branding from websites, social-media usernames, display names, handles, biographies, profile images, highlights, promotional posts, paid advertisements, email addresses and signatures, online booking pages, search metadata, and digital promotional materials that Defendants own or control, after preservation of relevant evidence;

(c) Within five business days, correction of directory, map, search, Google, Yelp, and other current business listings within Defendants' control, and documented correction or removal requests, with reasonable follow-up, for infringing third-party

listings Defendants cannot directly edit. Defendants need not guarantee action by independent platforms;

(d) Within fifteen calendar days, permanent removal or replacement of infringing physical signs, window and vehicle graphics, uniforms, business cards, stationery, brochures, promotional items, and current invoice, receipt, estimate, and contract forms in Defendants' possession or control;

(e) To the extent necessary to eliminate the infringement and likelihood of confusion established, an order requiring the LLC, within ten business days, to file an amendment to its Articles removing AUTO VAULT and AUTOVAULT from its current legal-entity name, and to make necessary conforming changes to current statements of information, fictitious business name filings, licenses, permits, and operative registrations. Defendants shall provide copies of filings and diligently pursue completion. Adoption or use of a separate DBA shall not substitute for compliance with the legal-name amendment required by the Court;

(f) Within the reasonable period fixed by the Court, conforming changes to current banking and merchant-account identifiers, customer payment descriptors, vendor accounts, and other operative business records to the extent their use of the former name would perpetuate the confusion established. Historical, tax, litigation, and regulatory records shall be preserved, not falsified or destroyed;

(g) Cessation of infringing use of domains, redirects, and email or online identifiers owned or controlled by Defendants and identified through discovery or proof. Any final domain-specific or platform-specific order shall identify the property and conduct to be restrained and remain subject to applicable law;

(h) Publication or delivery, in the channels and for the period the Court finds necessary, of a Court-approved corrective notice stating that Defendant's business is not affiliated with, sponsored by, authorized by, or a franchise of Auto Vault

Storage, Inc. The notice shall not imply that Plaintiff acquired or approved Defendant's business;

(i) Preservation of relevant account histories, posts, communications, sales, expenses, customer transactions, and name-selection records before public-facing removal or alteration, with evidentiary copies retained for discovery. Disposition of infringing materials under 15 U.S.C. §1118 shall occur only after appropriate preservation and as the Court directs; and

(j) A written compliance report under oath, filed and served within thirty days after service of the injunction or such extended period as ordered, identifying the measures taken and attaching representative screenshots, photographs, filing confirmations, and third-party correction requests, under 15 U.S.C. §1116(a);

4. For the use restrictions and any required legal-name amendment to prevent evasion through another DBA, affiliate, or successor only to the extent legally bound under Federal Rule of Civil Procedure 65(d)(2), including by active concert or participation with a bound person and actual notice. The relief shall not prohibit accurate identification of the former name reasonably necessary for legal, tax, regulatory, litigation, or historical-record purposes, a Court-approved corrective notice, or lawful nonconfusing references to Plaintiff;

5. For compensatory damages on the First through Fourth Causes of Action, as applicable and according to proof, including legally recoverable lost profits, injury to business goodwill, and reasonable corrective expenditures proximately caused by Defendants, subject to applicable notice requirements and without duplicative recovery;

6. For an accounting and award of the LLC's profits attributable to the infringement proved under 15 U.S.C. §1117(a), subject to equity, appropriate deductions, causation, apportionment, and applicable notice limitations; and for

another defendant's own attributable profits only upon establishing that defendant's liability and entitlement to such relief;

7. For a discretionary enhancement of proven actual damages up to three times those damages, and an appropriate compensatory adjustment of an award based on profits, only as permitted by 15 U.S.C. §1117(a) and the evidence. Plaintiff does not demand automatic trebling or counterfeiting statutory damages on the present allegations;

8. For punitive damages on the Third and Fourth Causes of Action only, in an amount determined according to proof and upon the findings required by Civil Code §3294;

9. For prospective prohibitory and mandatory injunctive relief under Business and Professions Code §17203 on the Fifth Cause of Action, without a duplicative monetary recovery;

10. For reasonable attorney's fees under 15 U.S.C. §1117(a) upon a finding that this is an exceptional case, and allowable costs of suit;

11. For prejudgment and post judgment interest to the extent authorized by law; and;

12. For such other and further relief as the Court deems just and proper within the claims and remedies established, without duplicative recovery.

## VI. DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury of all issues so triable.

Dated: September 15, 2026

**LAW OFFICES OF LANCE S. STRUMPF**

By: _____/s/________
**LANCE S. STRUMPF**